IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES RAY SMITH,

    Petitioner,

vs.

M. MCDONALD,

    Respondent.

No. CIV S-09-2967 MCE GGH P

ORDER &
FINDINGS AND RECOMMENDATIONS

I. *Introduction and Summary*

    After twenty-two years of adjudicating habeas petitions, the undersigned is tempted to think that he has seen every possible factual situation for an issue, procedural or substantive, that could theoretically be present. This case proves once again that no such omniscience can be asserted.

    As the following discussion indicates, petitioner raised on direct review in state court a <u>Cronic</u> "absence of counsel from a critical stage of the proceedings" claim which implicates the meaning of "hearing," but the Court of Appeal said nothing about the <u>Cronic</u> claim, instead ruling on a "competence of counsel claim" which required an extra-record factual

\\\\\

\\\\\

1

presentation, and which of course, could not take place on direct review.[1] In so ruling, the Court of Appeal expressly presumed counsel's competence on a clearly absent record, but the nature of direct review precluded petitioner from rebutting the presumption with a factual presentation. A Catch 22 indeed.

        For the reasons that follow: (1) to the extent the claim should be viewed as a Cronic "absence of counsel" claim[2], an attorney's communication to the trial judge that he desires the matter to be taken under submission, i.e., without a hearing, does not implicate an absence of counsel from a critical stage of the proceedings; no evidentiary hearing should be had on the claim, and it should be denied; (2) to the extent that the claim is viewed as one of ineffective assistance of counsel, i.e., should the competency matter have been submitted by counsel without a hearing, any evidence on the prejudice prong would be evidence casting the previously exhausted claim in an entirely new light thus requiring a remand to the state court.

II.  *Background*

        Petitioner is a state prisoner proceeding with appointed counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction for numerous sexual offenses committed against several victims. The trial court sentenced petitioner to a determinate term of twenty-five years to life and an indeterminate term of fifty-five years to life. On February 22, 2011, the petition was denied except for petitioner's claim of ineffective assistance of counsel with respect to the competency claim and the confusion

---

[1] Petitioner did not even cite to Strickland in the opening brief, nor reference "ineffective assistance" or "competence of counsel"; Strickland was cited in the Reply, but only as a case citation within a state case, standing for the proposition that "counsel" had to be more than a "warm body."

[2] United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 (1984), involved a discussion of both a presumed prejudice lack of counsel (absence of counsel or failure to put the prosecution's case to meaningful adversarial testing) and the more typical ineffective assistance of counsel claim. As discussed *infra*, there is no doubt that petitioner was raising the former presumed prejudice claim. The undersigned's references to a "Cronic" claim herein involve the presumed prejudice claim. See Cronic, 466 U.S. at 659-660, 104 S.Ct. at 2047.

2

surrounding his legal representation. Counsel was appointed to investigate that claim, and petitioner filed the instant motion for an evidentiary hearing on August 10, 2011. Doc. 39. There were several rounds of briefing regarding the motion and recent related Supreme Court and Ninth Circuit cases. Briefing was completed on January 25, 2012.

The following facts represent what was available in the state court record when the Court of Appeal issued its ruling:

1. On May 4, 2007, petitioner's retained trial counsel, Ms. Marie Alex, of the firm Criminal Defense Associates, filed a motion for a competency determination. Clerk's Transcript (CT) at 256.

2. On May 18, 2007, Ms. Alex appeared for petitioner, the court suspended the proceedings and appointed a physician to examine petitioner. Reporter's Transcript (RT) at 26.

3. On June 20, 2007, Ms. Alex was told by the managing partner at Criminal Defense Associates, Mr. Robert Nudelman,[3] that the firm was insolvent and the attorneys at the firm would no longer be paid. Ms. Alex tendered her resignation on June 22, 2007. CT at 264-69.

4. On June 22, 2007, the examining physician filed his report regarding petitioner's competency with the court. CT, Confidential Diagnostics Report.

5. On June 26, 2007, Ms. Alex sent petitioner a letter stating she would no longer be representing him, and petitioner should contact Mr. Nudelman. CT at 266.

6. On June 27, 2007, Ms. Alex sent petitioner another letter stating that she would not be representing him and he should contact Mr. Nudelman, or Ms. Kristine Burke, as soon as possible regarding the case. CT at 267.[4]

7. On June 28, 2007, Ms. Alex filed a notice with the court that she was no longer with Criminal Defense Associates, and all future correspondence should be with Ms. Kristine Burk. CT at 264.

8. The competency hearing was held the next day on June 29, 2007, though neither Ms. Alex or Ms. Burk were present at the hearing. RT at 27. A Mr. Malgo, from Criminal Defense Associates appeared earlier in the day regarding the case, but was not present at the hearing. Id. Appearing at the hearing was a Ms. Davidson, who was apparently present during a conversation earlier regarding the case, that was not on the record. Id. Ms. Davidson agreed to submit on the

---

[3] Mr. Nudelman was disbarred in 2011.

[4] The letters Ms. Alex sent to petitioner were sent to his home address even though petitioner was incarcerated at Placer County Jail.

3

doctor's report for the competency hearing. RT at 28. The court indicated that Mr. Malgo, who appeared on behalf of Criminal Defense Associates, was intending on submitting on the doctor's report. RT at 27-28. Petitioner was found to be competent. Id.

9. Ms. Burke appeared on July 26, 2007, for petitioner and continued to represent him pro bono. RT (Augmented) at 44. The court indicated that a competency hearing took place and petitioner was found competent. Id.

The undersigned will also include the entire transcript from the hearing that occurred at 10:30 am:

(Whereupon the matter was called with no response at 8:30)

THE COURT: This is the case of Charles Smith. Do we have Mr. Smith in court? Mr. Malgo (phonetic) appeared earlier on behalf of the county [sic].

MS. DAVIDSON: I will make a special appearance. I overheard a conversation earlier.

THE COURT: Mr. Smith, there is a real question regarding who your lawyer is. I received some correspondence indicating that the attorney who has been appearing on your behalf, a Mary Alex, apparently is no longer with the firm. But then another attorney on behalf of that firm was here this morning. It's just unclear who your lawyer is.

Have you had any communication with anybody on this?

DEFENDANT SMITH: No, sir.

THE COURT: Okay. The most important thing is that you are represented by counsel. The attorney that appeared here earlier this morning appeared on behalf of a member of the firm which is known as The Criminal Defense Associates.

And that firm is the firm of record in your case.

And what happened was the issue before the court today was whether or not you were competent to stand trial. We have received the doctor's report, and it is my understanding that both the People and defense are prepared to submit that issue on the report from Dr. Roeder dated June 14th, 2007; is that correct?

MR. BEATTIE: It is.

MS. DAVIDSON: That was my understanding during the conferencing.

THE COURT: Mr. Malgo indicated that he was prepared and authorized to do that based upon that report.

I do find that defendant is competent, and I'll order resumption of the

4

> proceedings. I will set this matter for a trial confirming conference, and I am going to continue it over two weeks. That would be to July 13 at 8:30.
>
> I did indicate to County Counsel that if that particular day was inconvenient,. That any day of that week would work fine and we can advance the case.
>
> The continuance is for the purpose of a trial confirming conference, setting the trial dates and status of counsel. I indicated that counsel was directed to personally appear, if not physically, then at the very minimum by telephone.
>
> Mr. Smith, the bottom line here is that I am bringing you back in two weeks to do two things: To set trial dates and to make sure you have a lawyer. And we are going to address all of those issues at that time.
>
> Okay. That will be it for this morning.
>
> (Whereupon the matter was concluded.)

RT at 27-29.

Petitioner's opening brief on direct appeal to the California Court of Appeal stated that the lack representation at the determination of his competency was a structural, constitutional error and subject to automatic reversal. Lodged Document (Lod. Doc.): Petitioner's Opening Brief at 37. Petitioner described his complete denial of counsel that would allow a per se reversal of his conviction. Id. Petitioner cited many Supreme Court cases involving per se reversals, without the requirement of demonstrating prejudice, including the seminal case of United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 (1984). Id., at 39. See footnote 2, *supra*. In the opposition, respondent discussed the lack of prejudice as petitioner capably assisted in his own defense at trial. Lod. Doc.: Respondent's Brief at 12-13. In his reply brief, petitioner stated that respondent was missing the point and it did not matter if petitioner's trial behavior demonstrated his competency and it was immaterial if the error was harmless. Lod. Doc.: Petitioner's Reply Brief at 5. Petitioner emphasized that the issue was whether per se reversal was warranted due to the absence of counsel at the critical stage of the proceedings. Petitioner's Reply Brief, at 7. The California Court of Appeal analyzed the claim by stating the following:

\\\\\

> Based on the skeletal nature of the record, [petitioner] asserts that it does not affirmatively demonstrate that Ms. Davidson was even an attorney, let alone one familiar enough with the facts of the case to make the decision to submit the matter of his competence to stand trial on the psychological evaluation. He contends that this establishes the deprivation of his right to counsel at the competency hearing. The problem with his argument is that it stands basic appellate principles on their heads.
>
> A judgment is presumed correct, and therefore where the record is silent we assume matters were done properly absent affirmative evidence to the contrary, which is an appellant's burden to provide. (Maria P. v. Riles (1987) 43 Cal.3d 1281, 1295-1296, 240 Cal.Rptr. 872, 743 P.2d 932; Denham v. Superior Court (1970) 2 Cal.3d 557, 564, 86 Cal.Rptr. 65, 468 P.2d 193; Mountain Lion Coalition v. Fish & Game Com. (1989) 214 Cal.App.3d 1043, 1051, fn. 9, 263 Cal.Rptr. 104; Evid.Code, § 664.) *Among the things we presume is the competent performance of counsel's duties off-record.* (Conservatorship of Mary K. (1991) 234 Cal.App.3d 265, 272, 285 Cal.Rptr. 618.) [Emphasis added]
>
> There is no indication that appellate counsel ever sought to settle the record about the events of June 29 to support her suppositions. Rather, she has attempted to piece together the implausible (that a court would allow a lay person to make an appearance on behalf of [petitioner]), the unlikely (that an attorney would presume to appear on behalf of a criminal defendant and make a tactical decision with respect to a ruling on his competence without being aware that this was the intent of the attorney actually representing him), and the dubious (that the Sebastopol attorney, who was familiar with [petitioner] from the preliminary hearing, would let the matter proceed to trial without revisiting the issue of competency if she had any doubts on the subject), all to the end of creating a shroud of reversible error per se. The suppositions fail; we will not reverse a judgment based on mere conjecture. (People v. Ayala (2000) 24 Cal.4th 243, 267, 99 Cal.Rptr.2d 532, 6 P.3d 193 [will not reverse because of mere possibility that record is incomplete].) We therefore reject the argument.

People v. Smith, 2009 WL 1361040 at *1-2 (emphasis added).

The Court of Appeal clearly failed to address the crux of petitioner's argument, that a Cronic "meaningful adversarial testing" error occurred, and he was entitled to a reversal without having to demonstrate prejudice. After dispensing with the straw issue that it was not clear whether Ms. Davidson was an attorney, it appears that the Court of Appeal was making a determination on an ineffective assistance of counsel claim, that was not raised by petitioner, in the court's statement: "[a]mong the things we presume is the competent performance of counsel's duties off-record." The issue presented on appeal was not – did the unknown or previously appointed counsel perform competently, but whether petitioner had been

6

constructively abandoned at a critical stage of the proceedings by having a complete stranger-to-the-case attorney as his advocate.

In his petition for review to the California Supreme Court, petitioner again presented the structural error " constructive absence of counsel" claim. The direct review petition was denied without comment.

In the instant federal petition, while petitioner was still proceeding pro se, he presented his claim as ineffective assistance of counsel and not as a Cronic claim. In appointing counsel, the undersigned ordered that petitioner be represented with respect to the ineffective assistance of counsel claim under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). In the motion for an evidentiary hearing petitioner's counsel completes the procedural circle and again frames the claim as an absence of counsel claim pursuant to United States v. Cronic.

III. *Argument & Analysis*

Exhaustion

As set forth above, there can be no doubt that the Cronic absence of counsel claim was presented to the Court of Appeal, and to the Supreme Court on the petition for review. It is therefore exhausted despite the Court of Appeal having failed to address the issue, the Court of Appeal having been given a fair opportunity to do so. Scott v.Schiro, 567 F.3d 573, 583 (9th Cir. 2007).

Because petitioner presses the Cronic claim herein, and because it was exhausted, the court will find the federal petition in this case to be constructively amended to add the Cronic claim, and will resolve it.

Evidentiary Hearing

*Legal Standard*

Cullen v. Pinholster, ––– U.S. –––, 131 S.Ct. 1388 (2011) was decided on April 4, 2011. The majority holding in Cullen on the propriety of evidentiary hearings, with five

justices joining in the majority opinion, provided: "We now hold that review under § 2254(d)(1)[5] is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen at 1398.  Further emphasis for the holding appears throughout the opinion: "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review."  See also: "[E]vidence later introduced in federal court is irrelevant to § 2254(d)(1) review."  Id.  There is no ambiguity in these holdings.[6]

However, the Cullen holding, and § 2254(d) deference itself, are premised on the fact that the state court had actually ruled *on the merits* of the issue raised in federal habeas.  That is expressly the gateway in § 2254(d) which then makes the deference provisions of that statute operative – "An application for a writ of habeas corpus....shall not be granted with respect to any claim that was adjudicated on the merits in State court.... [thereafter setting forth the legal and factual exceptions to the "shall not be granted]."  See James v.Schiro, 659 F.3d 855, 877 (9th Cir. 2011).

It cannot be fairly said that the Cronic claim was adjudicated on the merits since its thrust (constructive absence of counsel is structural error) was not the issue decided by the appellate court.  Rather, the issue was decided on the "presumption of competence" afforded the State for ineffective assistance claims.  Moreover, although not required for an adjudication on the (federal) merits, the California Court of Appeal never mentioned the raft of federal cases set forth by petitioner/appellant.  It stands to reason that in not resolving the constructive absence of

---

[5] 28 U.S.C. § 2254(d) provides: (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

[6] See Johnson v. Walker, 2011 WL 1668970 (E.D. Cal. 2011); Riofta v. Pacholke, 2011 WL 1990626 (W.D. Wash. 2011).

counsel claim, and in not discussing it, and not referencing the pertinent cases, the asserted <u>Cronic</u> error was not adjudicated on the merits. The undersigned must therefore determine whether an evidentiary hearing is necessary on the <u>Cronic</u> issue by discussing its merits de novo.[7]

*Cronic Claim*

In <u>United States v. Cronic</u>, the Supreme Court identified three ineffective-assistance-of-counsel circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466 U.S. 648, 659-660, 104 S.Ct. 2039, 2047 (1984). Such circumstances are present when (1) there is a complete denial of

---

[7] Prior to the Supreme Court issuing <u>Cullen</u>, appointed counsel began an investigation and interviewed many of the individuals involved with this case and presented the following findings in the motion for an evidentiary hearing. Doc. 39.
   The Ms. Davidson in the record from June 29, 2007, was Sue Ann Davidson, a public defender for Placer County. Motion for Evidentiary Hearing (Motion), Exh. A. Ms. Davidson has no specific recollection of her involvement in this case, but believes she is the Ms. Davidson on the record as it was not uncommon for her to stand in for private counsel when requested by the court  Ms. Davidson has no specific recollection of any conversations with the deputy district attorney or the Criminal Defense Associates attorney regarding this case, but states it is possible, as conferencing about competency issues was typically done in a jury room where it was possible to hear the conversations of other attorneys. Ms. Davidson has no specific recollection of speaking with petitioner or the doctor who performed the evaluation. Motion, Exh. A.
   The "Mr. Malgo" who appeared on June 29, 2007, was actually Mr. Leland Moglen. Mr. Molgen was hired by the firm Hoffman and Pomerantz, a firm that specializes in securing attorneys to make special appearances for the counsel of record. Motion, Exh. C, E. Hoffman and Pomerantz was hired by Criminal Defense Associates for this brief appearance. <u>Id</u>., Exh. E. Mr. Molgen has no personal recollection of making the appearance. <u>Id</u>., Exh. C. The managing partner of Hoffman and Pomerantz has no documentation regarding this appearance. <u>Id</u>., Exh. D.
   Mr. Nudelman had no specific involvement with the instant case and has no specific recollection of hiring Hoffman and Pomerantz to make the appearance on the case, though it was part of his duties to obtain another attorney to appear if an attorney from Criminal Defense Associates could not appear. Motion, Exh. E.
   Ms. Alex, to the best of her recollection, never spoke with the doctor who evaluated petitioner or reviewed the competency evaluation. Motion, Exh. G. Ms. Burk states, that Ms. Alex informed her that she intended to file a motion for a competency evaluation because petitioner was being extremely uncooperative and did not appear willing or able (or both) to assist her in preparing for trial. <u>Id</u>., Exh. H. Ms. Burk did not know who represented Mr. Smith at the competency hearing and was only informed by the court that there was a competency hearing and petitioner had been found competent. <u>Id</u>.
   Petitioner states that no one ever spoke with him regarding the competency evaluation. Motion, Exh. B.
   However, in light of <u>Cullen</u>, the undersigned will only consider the record before the state court at the time of its decision.

9

counsel; (2) "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) counsel is called on to render assistance under circumstances where "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." Id. at 659–60; see also Bell v. Cone, 535 U.S. 685, 695–96, 122 S.Ct. 1843 (2002). The absence of counsel, actual or constructive, must occur at a "critical stage" of trial. Id., at 659, n. 25.

In deciding what qualifies as a "critical stage," courts have "recognized that the period from arraignment to trial [i]s 'perhaps the most critical period of the proceedings.'" United States v. Wade, 388 U.S. 218, 225, 87 S.Ct. 1926 (1967) (quoting Powell v. Alabama, 287 U.S. 45, 57, 53 S.Ct. 55 (1932)). A competency hearing has been found to be a critical stage. Sturgis v. Goldsmith, 796 F.2d 1103, 1109 (9th Cir. 1986); Raymond v. Weber, 552 F.3d 680, 684 (8th Cir. 2009); United States v. Collins, 430 F.3d 1260, 1264 (10th Cir. 2005); Appel v. Horn, 250 F.3d 203, 215 (3rd Cir. 2001); United States v. Klat, 156 F.3d 1258, 1262 (D.C.Cir. 1998); United States v. Barfield, 969 F.2d 1554, 1556 (4th Cir. 1992); cf, Estelle v. Smith, 451 U.S. 454, 457–59, 470–71, 101 S.Ct. 1866 (1981); 18 U.S.C. § 4247(d) (creating a statutory right to counsel at competency hearings).

Where counsel is absent, in situations where counsel is actually or constructively denied during a critical stage, the defendant need not show prejudice. Roe v. Flores–Ortega, 528 U.S. 470, 483, 120 S.Ct. 1029 (2000) (quoting Cronic, 466 U.S. at 659).

Petitioner argues that he was deprived of his Sixth Amendment right to counsel during a critical stage of the pretrial case, the trial court's ruling on his competence to stand trial. Motion for Evidentiary Hearing (Motion) at 2. However, as described above, this was not a contested hearing with witnesses to determine petitioner's competence, there were not even any arguments. Both sides simply agreed to submit on the record with the report from the doctor. While there was confusion surrounding who was petitioner's counsel, and any authorized

submission was off the record, the judge indicated that it was his understanding both sides agreed to submit on the report based on the representations of the attorney who had appeared earlier and represented petitioner.

In Greenfield v. Gunn, 556 F. 2d 935 (9th Cir. 1977), the defendant and his counsel were present for the competency proceedings and had the opportunity to present evidence, but rested on the record of the reports before the court. The Ninth Circuit held the proceeding did not violate due process as defendant and his counsel were present and most importantly, the defendant received adequate representation by his attorney. Greenfield, at 937.[8] In the instant case, a doctor evaluated petitioner and concluded that he was competent to stand trial. It was not an error, *per se*, for counsel to simply rely on the report and not make additional arguments. See also Dennis v. Budge, 378 F.3d 880, 893-94 (9th Cir. 2004) (experts who submit reports at a competency hearing are not required to testify) citing Wells v. Arave, 18 F.3d 656, 658 (9th Cir. 1994); Moran v. Godinez, 57 F.3d 690, 699-700 (9th Cir. 1994) (holding that counsel entitled to rely on evaluations of two psychiatrists that petitioner competent to stand trial), overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S.Ct. 1166 (2003); Fratus v. Adams, 2009 WL 1649730 *14-15 (C.D. Cal. 2009) (not unreasonable for counsel to fail to investigate or call witnesses at a competency hearing); Johnson v. Mendoza-Powers, 2008 WL 5245991 *12-13 (C.D. Cal. 2008) (not unreasonable for counsel to stipulate on report without calling the psychiatrist as a witness). That petitioner's lead counsel was not

---

[8] In People v. Weaver, 26 Cal. 4th 876, 904 (2001), the California Supreme Court held that a hearing or trial pursuant to Cal. Penal Code § 1369:
> ...simply mean[s] that a determination of competency must be made by the court (or a jury if one is not waived), not, as defendant contends, that there must be a 'court or jury trial, at which the criminal defendant's rights of confrontation, cross examination, compulsory process and to present evidence are honored by the court and counsel.'

The California Supreme Court in Weaver also rejected defendant's claim that his counsel was constitutionally ineffective for waiving a jury trial and merely submitting the matter on the doctors' reports. Id. at 904.

11

present to submit on the report will not support a Cronic claim.  The instant case does not present the ideal circumstances to illustrate attorney representation, in that an unknown-to-the-case person stood in for petitioner in front of the court, but the trial court stated that the decision to submit on the record had already been made by an attorney representing petitioner.  RT at 28.

Petitioner has failed to present any arguments that simply submitting on the competency report, even with a substitute counsel, is contrary to established Supreme Court authority.  In Wright v. Van Patten, 552 U.S. 120, 128 S.Ct. 743 (2008), the Supreme Court reversed the Seventh Circuit's finding of a Cronic error, where the defendant pled guilty to first-degree reckless homicide in Wisconsin, but his attorney was not present in the courtroom during the plea, instead the attorney appeared by speaker phone.  Id., at 121.   The Wisconsin Court of Appeals analyzed and denied the claim under the Strickland standard for ineffective assistance of counsel.  Van Patten v. Deppisch, 434 F.3d 1038, 1041 (7th Cir. 2006).  The district court denied the ensuing habeas petition, but the Seventh Circuit reversed finding Cronic was the correct standard and there was an error.  Wright v. Van Patten, 552 U.S. at 122.  However, the Supreme Court noted there was no Supreme Court authority that addressed this particular factual scenario and which clearly established that Cronic should replace Strickland as the appropriate standard:

> No decision of this Court, however, squarely addresses the issue in this case, see Deppisch, supra, at 1040 (noting that this case "presents [a] novel ... question"), or clearly establishes that Cronic should replace Strickland in this novel factual context.  Our precedents do not clearly hold that counsel's participation by speaker phone should be treated as a "complete denial of counsel," on par with total absence.  Even if we agree with Van Patten that a lawyer physically present will tend to perform better than one on the phone, it does not necessarily follow that mere telephone contact amounted to total absence or "prevented [counsel] from assisting the accused," so as to entail application of Cronic.  The question is not whether counsel in those circumstances will perform less well than he otherwise would, but whether the circumstances are likely to result in such poor performance that an inquiry into its effects would not be worth the time.  Cf. United States v. Gonzalez-Lopez, 548 U.S. 140, 147, 126 S.Ct. 2557, 2563, 165 L.Ed.2d 409 (2006) (Sixth Amendment ensures " effective (not mistake-free) representation" (emphasis in original)).  Our cases provide no categorical answer to this question, and for that matter the several proceedings in this case hardly point toward one.  The Wisconsin Court of Appeals held counsel's performance by speaker phone to be constitutionally effective; neither the Magistrate Judge, the District Court, nor the Seventh Circuit disputed this conclusion; and the Seventh

> Circuit itself stated that "[u]nder <u>Strickland</u>, it seems clear Van Patten would have no viable claim." <u>Deppisch</u>, 434 F.3d, at 1042.
>
> Because our cases give no clear answer to the question presented, let alone one in Van Patten's favor, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" <u>Musladin</u>, 549 U.S., at 77, 127 S.Ct. 649, 654 (quoting 28 U.S.C. § 2254(d)(1)). Under the explicit terms of § 2254(d)(1), therefore, relief is unauthorized.

<u>Wright</u>, at 125-26.

Similar to <u>Wright</u>, the undersigned has not found any Supreme Court authority that holds counsel's decision to submit on a written competency report, even if it is substitute counsel, should be treated as the absence of counsel and reviewed under <u>Cronic</u>. While petitioner's lead counsel would probably have performed better, it does not follow that substitute counsel submitting on the record equates to a total absence of representation. While petitioner describes the incident as the denial of counsel, there were attorneys representing petitioner at court, both on and off the record.

In his brief to the Court of Appeal, petitioner cited the Tenth Circuit case of <u>United States v. Collins</u>, 430 F.3d 1260 (10th Cir. 2005), where the court found that the defendant's attorney, while present at the competency hearing failed to subject the government's case for competency to meaningful adversarial testing. <u>Id</u>., at 1265. In <u>Collins</u>, the attorney filed a motion to withdraw before the competency hearing, as there had been a breakdown in communications with the defendant. However, the court chose to address the withdrawal motion after the competency hearing. <u>Id</u>. The attorney was still formally representing defendant and during the competency hearing but chose not to comment when asked questions by the court or introduce extra medical records that were available and most likely relevant to the case. <u>Id</u>., at 1265-66. The Tenth Circuit held that the defendant was constructively denied counsel under

\\\\\
\\\\\
\\\\\

Cronic, during the competency hearing.[9] Id. Yet in Collins, the attorney did not introduce relevant evidence that existed, or comment on the competency issue when questioned by the court. Id., at 1262-63. In the instant case there were no arguments or questions and not even a contested hearing as in Collins. Both sides simply submitted on the report, which *could be* a reasonable decision for counsel to make.[10]

In Raymond v. Webber, 552 F.3d 680 (8th Cir. 2009), the Eight Circuit found an attorney's conduct at a competency hearing did not rise to the level to support a Cronic claim. In Raymond, the defendant was representing himself for an upcoming retrial when the trial court ordered a competency hearing to be held and appointed counsel for defendant at the competency hearing. Id., at 682. At the competency hearing the appointed counsel indicated that the defendant had specifically asked him not to ask any questions or present any evidence to contest the competency opinion of the doctor who had found the defendant competent, and the defendant himself conducted the cross examination of the doctor. Id. The defendant was found competent, later convicted and then appealed on the issue of whether he was competent to waive his right to counsel. Id., at 682-83. In finding there was no violation of Cronic, the Eight Circuit held that the attorney was not absent at this critical stage:

> In fact he had prepared for the competency hearing, and he conferred with his client. He informed the trial court that he chose not to contest [the doctor's] competency opinion or to call any witnesses. His billing statement showed he had prepared to cross examine [the doctor] in advance of the hearing, prepared legal research, and studied his client's psychological reports and jail logs.

Id., at 685.

\\\\\

---

[9] The Tenth Circuit has been reluctant to find constructive denials of counsel, and has found a "complete absence of meaningful adversarial testing only where the evidence 'overwhelmingly established that [the] attorney abandoned the required duty of loyalty to his client,' and where counsel 'acted with reckless disregard for his client's best interests and, at times, apparently with the intention to weaken his client's case.' " Turrentine v. Mullin, 390 F.3d 1181, 1208 (10th Cir. 2004) (quoting Osborn v. Shillinger, 861 F.2d 612, 624 (10th Cir. 1988)).

[10] Whether the decision was actually reasonable is a Strickland claim.

14

The facts of Raymond demonstrate a contested hearing with witnesses and cross examination by the defendant. Had petitioner in the instant case been part of hearing with witnesses and arguments, and represented by an attorney who did nothing (or was a complete stranger to the case and client), then there would a stronger argument for a Cronic claim. Instead, petitioner's attorney chose not to call witnesses and simply submit on the report which happens frequently enough so as not to be termed an "absence of counsel." While there was some confusion concerning the attorney who earlier appeared for petitioner, and while there was a conference that was not on the record, the trial court stated on the record that the attorney who appeared for petitioner earlier indicated he would submit on the competency report. RT at 28. That the attorney was not present, when the actual submission ordered, is not a Cronic error. Based on all the cases cited above and the lack of Supreme Court authority, Cronic is not the correct standard to analyze this claim, and the undersigned will review this claim pursuant to Strickland, i.e., there will be no evidentiary hearing on the Cronic claim.[11] Because the Cronic claim cannot stand as a matter of law, it should be denied.

Ineffective Assistance of Counsel

As has become clear from the above discussion, asking the court to take a matter under submission, with the court agreeing to do so, *cancels the hearing*; it does not constitute a hearing where petitioner was not represented by counsel. The trial court's announcement of its ruling after taking the matter under submission, which could just as well been presented on paper, and not in court, does not constitute a hearing since once a matter is taken under submission, the attorney's job as advocate is over for that matter at that time. That is, the

---

[11] By finding that submissions without hearing do not violate Cronic, the undersigned by no means endorses the merry-go-round appearances of counsel permitted by the state trial court on a matter of significance. The trial court's accepting without question or inquiry lead counsel's "I'm out of here" letter without any finding as to the prejudice which might be suffered by the client, followed by an off the record submission of a potentially significant motion by a contract attorney making submission decisions on perhaps no knowledgeable basis whatsoever, followed by a stranger (to the client) attorney giving a supposed overheard conversation, reflects poorly on our system of justice.

1 attorney's job is simply to listen as the ruling is announced.  The mere announcement of the
2 ruling cannot be a critical stage of the criminal proceeding.  If it were, no ruling could be made
3 on paper outside the presence of counsel.  Whether to later challenge the ruling is a different
4 issue altogether.

5 Also different is the issue of whether petitioner's attorney(s) should have asked
6 that the matter be submitted, or continued for the gathering of further evidence.  Assuming the
7 attorney was deficient, the issue becomes whether petitioner was thereby prejudiced.

*Exhaustion*

9 Petitioner did not raise an ineffective assistance of counsel issue before the state
10 courts.  Nevertheless, it is well established that if the reviewing court reaches an unbriefed issue,
11 and makes express findings on that issue, the issue is exhausted, at least initially.  Ybarra v.
12 McDaniel, 656 F.3d 984, 991 (9th Cir. 2011).  As referenced earlier, the Court of Appeal
13 determined the counsel issue on a "competence" finding; thus the ineffective assistance alleged
14 by petitioner in this federal petition was exhausted by the Court of Appeal.  Based on the "look
15 through" doctrine, and the silent denial of the state supreme court, the federal courts presume the
16 denial was on the same basis as that given by the Court of Appeal.  Medley v. Runnels, 506 F.3d
17 857, 862 (9th Cir. 2007) (en banc).

18 There has been some back and forth as to the claim made in this federal petition
19 with the last word being that petitioner viewed the claim as Cronic claim. As stated in the
20 introduction, petitioner faced a difficult procedural situation.  He raised a Cronic claim which the
21 Court of Appeal did not reach, and that court decided an ineffective assistance claim which the
22 court decided on a presumed basis on direct review without any opportunity for petitioner to
23 present evidence in rebuttal.  Nevertheless, the issue as stated in the federal petition is one for
24 ineffective assistance of counsel, and that claim must be resolved.

25 The Court of Appeal applied the "presumption of competence," in part because
26 counsel on appeal did not "settle the record."  It is not at all clear how petitioner's counsel could

16

settle the record, based on the non-existent nature of the record that was set forth above; essentially there was no record for counsel to attempt to settle. The identities of the two attorneys purportedly representing petitioner were not even known to the parties. The critical submission decision was made *off the record* and reasons given to the trial judge for not challenging the arguably bared-boned competency determination, if any, cannot be settled. As correctly briefed by petitioner herein, one cannot settle a record in the absence of a record in the first place. Nor can one simply submit extra-record facts in the guise of settling (creating) the record.

Nor is direct review the most appropriate place to present extra-record facts constituting ineffective assistance of counsel claim under Strickland. Both California and federal courts generally do not consider claims of ineffectiveness of trial counsel on direct appeal because such claims usually require the development of facts outside the record to which a direct appeal is limited. See, e.g., People v. Johnson, 47 Cal.4th 668, 684 (2009) ("Generally, if it cannot be determined from the record whether counsel had a reasonable strategic basis for acting or failing to act in the manner challenged, a claim of ineffective assistance is more appropriately decided in a habeas corpus proceeding.") (citations omitted); U.S. v. Jeronimo, 398 F.3d 1149, 1155-56 (9th Cir. 2005) ("[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal.... The rationale for our general rule ... is that ineffectiveness of counsel claims 'usually ... cannot be advanced without the development of facts outside the original record.' ") (citations omitted), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007). If the rule were otherwise, all ineffective assistance claims could be presented on direct review by the expedient of "settling the [non-existent] record."

By viewing the claim pursuant to Strickland, the Court of Appeal presumed that the unknown counsels performed competently on a practically non-existent record, but as it was on direct appeal, petitioner was unable to expand the record. The Court of Appeal also presumed

17

1  that the judgment was correct, despite the lack of a record, and the inability for petitioner to
2  obtain more information.  The Court of Appeal made these presumptions but due to the nature of
3  a Strickland claim on direct review, petitioner had no way to rebut the presumption.  As a result,
4  petitioner was placed in an impossible situation with no possible way to rebut the presumptions
5  of a Strickland claim to show that counsels' performance was unreasonable.
6            The issue becomes whether this court can order an evidentiary hearing to totally
7  create the record for the ineffective assistance of counsel claim, or whether this evidence should
8  be developed and presented in the state courts.  There are two themes in habeas law which
9  conflict.  The first theme permits an evidentiary hearing when the issue at bar was not
10 adjudicated on the record, see § 2254(d) and discussion above; the second requires that petitioner
11 go back to state court for exhaustion purposes, when the new evidence would present the claim
12 in a wholly new light.  See Aiken v. Spaulding, 841 F.2d 881, 884 (n.3) (9th Cir. 1988).
13            The Ninth Circuit has had occasion post-Cullen to harmonize these two themes.
14 Gonzales v. Wong, __F.3d__, 2011 WL 6061514 (9th Cir. 2011).  Although Gonzales is not
15 procedurally on all fours with the situation here, it has parallels which dictate the result.  In
16 Gonzalez, a petitioner has been thwarted in his efforts to present evidence of a Brady claim by
17 the California Supreme Court's overturning of a lower court discovery order.  The claim was
18 ultimately denied in state court and then appeared in a federal petition, and petitioner was able to
19 obtain some of the allegedly concealed evidence while in federal court.  When faced with the
20 recent Cullen decision which held that the merits of the claim had first to be adjudicated on the
21 existing *state* court record, but also faced with new evidence, belatedly discovered through no
22 fault of petitioner, which substantially advanced that petitioner's chance of prevailing, the
23 Gonzales court ordered the claim to be further exhausted in state court.  Id. at *8.
24            Here, petitioner had no opportunity to respond to the appellate court's
25 determination that his claim was a [Strickland] competency claim in lieu of the Cronic claim that
26 he presented.  While petitioner, pro se, took the bait and raised a Strickland claim in federal

18

court, at least initially, the federal court is not in a position to permit development of evidence at evidentiary hearing that the state court never heard.  While it is possible in the abstract, one could suppose, for petitioner to have raised the ineffective assistance claim initially in state court habeas, given that the claim was already exhausted by the state appellate court, the procedural status of the Strickland claim was mired in undue complexity.  The undersigned cannot find petitioner "at fault" for failure to develop evidence that his counsel were ineffective.  In essence, petitioner is in no different a situation than if he had asked for Rhines[12] good cause exhaustion.

Therefore, the undersigned will recommend that the ineffective assistance of counsel claim, with respect to the development and presentation of a competency to proceed to trial claim, be first exhausted in state court.  This claim requires evidence not only of whether state trial counsels' actions fell below the required Strickland standard, but also evidence of whether petitioner was prejudiced thereby.

IV. *Conclusion*

IT IS HEREBY ORDERED that petitioner's request for an evidentiary hearing on the Cronic claim (Doc. 39) is denied;

IT IS HEREBY RECOMMENDED that:

1. The Cronic claim be denied on its merits; and

2. This case be stayed while petitioner exhausts a Strickland ineffective assistance of counsel claim in the state courts.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

---

[12] Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).

19

1  These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  Dated: February 28, 2012

        /s/ Gregory G. Hollows
       UNITED STATES MAGISTRATE JUDGE

ggh: ab
smit2967.ord